Larry G. WARD, Petitioner-Appellant,

v.

John W. WINGO, Warden, Respondent-Appellee.

No. 71-2040.

United States Court of Appeals, Sixth Circuit.

March 15, 1972.

Larry G. Ward, in pro per.

Ed W. Hancock, Atty. Gen., Robert W. Willmott, Jr., Asst. Atty. Gen., Commonwealth of Kentucky, Frankfort, Ky., on brief for respondent-appellee.

Before: CLARK*, Associate Justice, and McCREE and MILLER, Circuit Judges.

PER CURIAM.

In January 1969, appellant pleaded guilty in Kentucky Circuit Court to a charge of rape and was sentenced to life imprisonment without the privilege of parole. His motion for post-conviction relief was denied by the Kentucky Circuit Court without an evidentiary hearing, and this denial was affirmed by the Kentucky Court of Appeals. Appellant then filed a petition for a writ of habeas corpus in the United States District Court of Kentucky pursuant to 28 U.S.C. § 2241. The petition alleged the following violations of appellant's constitutional rights:

1) at the time of his interrogation by police officers, he was denied the assistance of counsel;

2) he was subjected to unconstitutional identification procedures and was denied the assistance of counsel during those proceedings;

3) he was denied the effective assistance of counsel prior to and upon the entry of his guilty plea.

These allegations, together with appellant's factual assertions, raised substantial questions whether his guilty plea was a knowing, intelligent, and voluntary act. *See* McMann v. Richardson, 397 U.S. 759, 770–71 & n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Parker v. North Carolina, 397 U.S. 790, 796, 90 S. Ct. 1458, 25 L.Ed.2d 785 (1970). The District Court, however, dismissed appellant's petition without holding an evidentiary hearing. Accordingly, at no time since appellant's plea has he been afforded an evidentiary hearing on these questions, *see* Townsend v. Sain, 372 U. S. 293, 312–313, 88 S.Ct. 745, 9 L.Ed.2d 770 (1963); 28 U.S.C. §§ 2243, 2254(d). In light of the foregoing, the judgment of the District Court is reversed and the case is remanded with directions to hold an evidentiary hearing for the purpose of determining the facts and disposing of the matter as law and justice require. 28 U.S.C. § 2243.